# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHERYL B. JOHNSON | : | CIVIL ACTION |
|---|---|---|
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| US RAILROAD RETIREMENT BOARD | : | NO. 17-4051 |
| Defendant | : | |

## MEMORANDUM

**BAYLSON, J.**                                                         **OCTOBER 10, 2017**

Plaintiff Cheryl B. Johnson brings this lawsuit against the U.S. Railroad Retirement Board because she believes she is entitled to disability payments. She seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss her complaint.

## I.      FACTS

It appears from the complaint that plaintiff is claiming she was terminated from a job with the government in 1986, although she also indicates on her complaint that the events giving rise to her claims occurred on June 12, 1991. Plaintiff describes the basis for her claims as follows:

> Dr. Orr wanted an employee meeting to dismiss employee. I left because I was sick. Then received about twenty (20) letters in the mail. I open[ed] one (1) letter and said return on administrative leave. Did not return because of sickness. Dr. Orr put employee out of job. Disability needed chronic sickness since 1986 born with mental health did not work 10 years less than six months in a year.

(Compl. at 3, ¶ III.C.)

The Court understands plaintiff to be seeking disability payments from the Railroad Retirement Board in the amount of $277 per month since January of 1986, to supplement her

social security disability payments.[1]  Although the complaint suggests that plaintiff is entitled to payments because she was a government employee, the complaint also indicates that she is entitled to payments as the child of someone who worked for a railroad.

## II.     STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that she is incapable of prepaying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim.  To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Vague and conclusory statements do not suffice to state a claim. *Id.*  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As plaintiff is proceeding *pro se*, the Court construes her allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

If plaintiff believes that she is entitled to benefits from the Railroad Retirement Board, she must file a claim with that agency under the appropriate procedures.  Notably, the Railroad Retirement Board maintains a website that provides information to assist individuals seeking

---

[1] Plaintiff's request for relief is not entirely clear.  Although the complaint could be read to mean that plaintiff would like social security benefits in the amount of $1,095 per month, her *in forma pauperis* application reflects that she already receives benefits in that amount.  Prior *in forma pauperis* applications plaintiff filed in this district also reflect that she has been receiving disability benefits for some time.  *See, e.g.*, *Johnson v. Our Lady of Lourdes Hosp.*, E.D. Pa. Civ. A. No. 13-5317 (ECF No. 1); *Johnson v. South Jersey Behavior Health*, E.D. Pa. Civ. A. No. 12-3925; *Johnson v. 1986 Until Age Date Crime*, E.D. Pa. Civ. A. No. 11-6504.  Accordingly, the Court understands her to be seeking supplemental payments from the Railroad Retirement Board.

benefits.  *See* U.S. Railroad Retirement Board, *Benefits*, https://www.rrb.gov/Benefits (last accessed Sept. 26, 2017).  If plaintiff submitted a claim that was rejected and is seeking review of the Railroad Retirement Board's final decision, this Court lacks jurisdiction over her case because only the Courts of Appeals have authority to review final decisions of the Railroad Retirement Board.  *See* 45 U.S.C. § 355(f).  As plaintiff must proceed before the agency in the first instance and then, if unsuccessful, seek review before the appropriate court of appeals, this Court lacks jurisdiction to hear her claims.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will dismiss the complaint for lack of subject matter jurisdiction.  The dismissal is without prejudice to plaintiff pursuing her benefits claims before the Railroad Retirement Board and/or the appropriate United States court of appeals.  An appropriate order follows.